USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 20-CV-1480 (JPO)

MSP RECOVERY CLAIMS,
SERIES LLC,

    Plaintiff,

1199SEIU BENEFIT AND
PENSION FUNDS,

    Defendant.
_____/

## HIPAA-QUALIFIED PROTECTIVE ORDER

In order to protect the production, disclosure or testimony of information deemed confidential, and in accordance with the requirements of the regulations Promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), specifically, 45 C.F.R. § 164.512 (e)(1)(ii)(B) & (v), this Court finds good cause for the issuance of a qualified protective order (the "Protective Order") and ORDERS:[1]

    1.    "Confidential Matters" means: (a) confidential, sensitive, or proprietary business information or documents, the disclosure of which might adversely affect any Party's competitive position, business operations, or economic interests; (b) non-public material that contains sensitive personal information, including, without limitation, personal financial information and protected health information as defined in 45 C.F.R. § 160.103 ("PHI"); and (c)

---

[1] As used in this Protective Order, Plaintiff MSP Recovery Claims, Series LLC, and Defendant, 1199SEIU Benefit and Pension Funds are individually referred to as a "Party" and collectively referred to as the "Parties."

information or documents that are subject to confidentiality or disclosure agreements between or among the Parties or non-parties.

2. Any Confidential Matters in the form of documents (including computer files, computer disks, videotape, photographs, etc.) produced, provided, disclosed, or otherwise made available by a Party, and marked or otherwise designated by a Party as "Confidential," including all copies, shall be held in confidence by and between the Parties and their attorneys, as described in Paragraphs 3 and 4 of this Order. As used in this Order, the term "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain any Confidential Matters. The marking "Confidential" shall be applied prior to or at the time that the documents are produced or disclosed. Any copies made of any documents marked "Confidential" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Matters are not required to be marked.

3. Any testimony (including affidavits, declarations, certifications, live testimony, etc.) regarding Confidential Matters provided by or on behalf of a Party, and designated as "Confidential," shall be held in confidence by and between the Parties and their attorneys, as described in Paragraphs 3 and 4 of this Order, provided that:

   a. designation of affidavit, declaration, or certification testimony as being confidential shall be by paragraph number, page number, or other reasonable identifying method, and shall be made by or on behalf of the Party at the time the affidavit, declaration, or certification is filed with the Court or provided to another Party; and

   b. designation of live testimony as being confidential shall be by transcript volume and page number, or other reasonable identifying method, and shall be made by or on behalf of the Party within fourteen (14) days of the actual receipt of the final transcript. All live testimony shall be treated as confidential until the earlier of: (a) the receipt of written notice designating those portions of the transcript as

confidential; or (b) the expiration of the fourteen-day period to provide such notice.

4. Confidential Matters, including information derived therefrom, shall not be reviewed, inspected, or disclosed in any manner to any person or entity except:

   a. counsel of record in this action, attorneys employed in the same firm with counsel of record, and clerical, paralegal and secretarial staff employed by such counsel who need to review such information in connection with this action;

   b. any court, including appellate courts, having subject matter jurisdiction of this action, including court personnel;

   c. officers, directors, or employees of any Party to this action, who need to review such information in connection with this action and who shall be advised of the requirement not to disclose or discuss Confidential Matters;

   d. counsel to and employees of insurers that may be obligated to satisfy all or part of a judgment against, or to pay or advance all or part of the defense costs of, any defendant in this action, who need to review such information in connection with this action and provided such persons are first given a copy of this Order and have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

   e. consultants or experts assisting a Party in the evaluation, prosecution, or defense of this action, provided such persons are first given a copy of this Order and have completed the certification contained in Attachment A ("Acknowledgment of Understanding and Agreement to Be Bound by Protective Order");

   f. court reporters, stenographers, or videographers employed in connection with this action, who shall be advised of the requirement not to disclose or discuss Confidential Matters they may see or hear about during the taking of the deposition;

   g. any witness appearing or preparing to appear at trial, at an evidentiary hearing, or in deposition who agrees in writing to be bound by its terms, except that the witnesses testifying in open court shall not be restricted in their testimony based upon the terms of this Order; and

   h. any person in the courtroom during an evidentiary hearing or the trial of the matter.

5. The Parties are prohibited from using or disclosing Confidential Matters for any purpose other than the above-captioned adversary proceeding.

6. At the conclusion of this action, the Parties shall at their option either (a) return or (b) destroy and certify the destruction of all Confidential Matters produced or otherwise provided by another Party, including all reproductions that may have been made of any such information contained in such Confidential Matters. A party may certify the destruction of all electronically stored Confidential Matters if all reasonably accessible electronically stored information containing Confidential Matters has been destroyed, provided however, that if such electronically stored information inaccessible at the time of certification later becomes reasonably accessible (e.g., through the restoration of a back-up), the certifying Party will promptly destroy any newly accessible electronically stored information containing Confidential Matters. Except with respect to PHI, this paragraph is inapplicable to documents filed with, or testimony given before, the Court.

7. This Protective Order constitutes a qualified protective order under 42 C.F.R. § 164.512(e)(1)(v).

8. Nothing here shall prevent a Party from publicly disclosing any of its own Confidential Matters as it deems appropriate; however, except with respect to PHI, such public disclosures shall void the obligations of all other Parties as to, and only as to, the information, materials or documents so disclosed.

9. The Parties agree not to file any document with the Court that contains any Confidential Matter without filing the document under seal.

10. A Party that objects to the designation of any information as Confidential shall be required to begin the process by conferring directly with counsel for the designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the

designated material, to reconsider the designation, and, if no change in designation offered, to explain the basis for the designation. The designating Party must respond to the challenge within ten (10) business days. If the Parties are unable to resolve the issue, then the challenging Party may move the Court for exception to this Protective Order as to each such document or any such testimony prior to the public use of such information. In such circumstances, the Party asserting the confidential nature of any information has the burden of proof.

11. Documents or other information previously disclosed may be retroactively designated by the producing party by notice in writing of the designated class of each document (including by Bates number). The inadvertent or unintentional designation or production of documents containing, or other disclosure of, information without being designated as "Confidential" at the time of designation, production, or disclosure shall not be deemed a waiver in whole or in part of a party's claim of confidentiality or secrecy, either as to the specific information or as to any other information relating thereto or on the same or related subject matter. Any inadvertent designation or disclosure shall be corrected as soon as reasonably possible after the designating Party or producing non-party becomes aware of the error. The production of documents or other tangible things pursuant to a request for production by a Party here shall not be deemed a waiver of any right by the producing Party or producing non-party to object to the admissibility of such document or other thing on grounds of relevancy, materiality, privilege or other valid ground of objection.

12. At no time do the Parties intend to disclose information subject to a claim of attorney-client privilege, work product protection, or any other privilege or protection. If, nevertheless, a Party ("Disclosing Party") inadvertently discloses such privileged or protected

information ("Inadvertently Disclosed Information") to another Party ("Receiving Party"), the following provisions will apply:

    a. the disclosure of Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture in this proceeding or any other federal or state proceeding of any claim of attorney-client privilege, work product protection, or any other privilege or protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter;

    b. if a Disclosing Party notifies the Receiving Party of Inadvertently Disclosed Information, the Receiving Party shall:

        i. immediately cease using, copying, or distributing the Inadvertently Disclosed Information; and

        ii. shall return or certify the destruction of, within five (5) days, all copies of the Inadvertently Disclosed Information, including any documents created by the Receiving Party based upon such information to the Disclosing Party.

    c. The Receiving Party may move the Court for an order permitting it to retain and use the Inadvertently Disclosed Information. Such motion must be made within ten (10) days after the Disclosing Party first provides notice to the Receiving Party of the Inadvertently Disclosed Information. If the Receiving Party timely files a motion under this provision, the requirements of paragraph 12(b)(ii) with respect to the Inadvertently Disclosed Information that is the subject of the motion shall be stayed until five (5) days after the Court rules on the motion.

13. Any non-party from whom discovery is sought may be informed of and may obtain the protection of this Protective Order by sending written notice to counsel for the parties or by invoking this Protective Order on the record during any deposition or similar proceeding.

14. This Protective Order shall not prejudice the right of any Party to move the Court for relief or modification of this Protective Order, for a determination from the Court that any Confidential Matters are in fact not confidential, or for further protective orders as the Court may deem appropriate, provided that the non-moving Parties are served with a copy of such motion and, provided further that the non-moving Parties have the right to object to any such motion.

15. Nothing in this Protective Order or any action or agreement of a Party under this Protective Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery, at any evidentiary hearing, or at trial.

16. This Protective Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery.

**DONE AND ORDERED** in Chambers on June _____, 2020.


_____
J. PAUL OETKEN
United States District Judge

## ATTACHMENT A – ACKNOWLEDGEMENT OF UNDERSTANDING

1. I have been provided with a copy of and agree to be bound by the terms of the Protective Order in Case No. 20-cv-1480-JPO, *MSP Recovery Claims, Series LLC v. 1199SEIU Benefit and Pension Funds,* pending in the United States District Court for the Southern District of New York.

2. I will only make such copies of or notes concerning documents designated "Confidential" as are necessary to enable me to render the assistance required in connection with this litigation, and, all such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation. Upon the final determination of this action, I shall promptly destroy all "Confidential" materials provided to me as well as any notes or derivations thereof.

3. I will not intentionally reveal the contents of "Confidential" Material to any unauthorized person. I will not intentionally use "Confidential" Material for any purpose other than the prosecution or defense of claims in this action.

4. I understand that failure to comply with the terms of the Protective Order may result in civil liability against me to any party or person damaged thereby. I consent to the jurisdiction of the United States District Court for the Southern District of New York (without any time limit) for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

DATED this  6th  day of       July         , 20 20 .

_____
United States Magistrate Judge